UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON LOPEZ,<br><br>                         Plaintiff,<br><br>v.<br><br>THE RICO COURT CARTEL, et al.,<br><br>                     Defendants. | Case No.:  24-cv-00411-DMS-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is Defendant U.S. Specialty Insurance Company's ("USSIC") ("Defendant") Motion to Dismiss Plaintiff's Complaint.  (Defendant's Motion to Dismiss ("Def.'s Mot."), ECF No. 6).   Plaintiff Leon Lopez ("Plaintiff") filed an opposition, (Plaintiff's Opposition ("Opp'n"), ECF No. 8), and Defendant filed a reply, (Defendant's Reply, ECF No. 9).  For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

## I.      BACKGROUND

Plaintiff sues for the alleged drafting of a fake will.  (Compl. 2).  More specifically, Plaintiff contends that Defendants Halla Elsineitti, Anthony Lang, and Rayea Lang "made a False . . . Last will" [sic] for John R. Dunstan, Plaintiff's son-in-law, and conspired with Defendants Janice K. Hall and USSIC to form a "Racketeer Influe[n]ced and Corrupt

1

Organization (RICO)".  (*Id.*).  Following the creation of the organization, Defendants allegedly teamed up with two judges to give Defendant Elsineitti approximately $7.5 million from Dunstan's estate.  (*Id.*).

Plaintiff's claims are not new.  He has previously raised them in state court.  (Compl. 2, Exhibits); (Def.'s Mot. 3, Exhibits 1–2).  The San Diego Superior Court has named Plaintiff a vexatious litigant and has "prohibited [him] from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed."  (*Id.*, Exhibits 1–2).  Plaintiff now seeks relief in this Court.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

519 F.3d 1025, 1031 (9th Cir. 2008).  But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.   DISCUSSION

In its Motion to Dismiss, Defendant contends Plaintiff's Complaint should be dismissed because: (1) Plaintiff fails to plead his fraud claim with particularity as required by Federal Rule of Civil Procedure 9(b); (2) Plaintiff fails to plead facts establishing the elements of a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (3) Plaintiff's service of process on Defendant does not comply with Federal Rule of Civil Procedure 4 or California law and is thus insufficient; and (4) the Court lacks subject-matter jurisdiction over Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1).  Because the Court is convinced of Defendant's first argument—that Plaintiff has not satisfied Rule 9(b), and second argument—that Plaintiff has not plead sufficient facts to support a RICO claim, the Court need not address Defendant's remaining arguments.

### A. Fraud Claim

Aside from mentioning the RICO Act, Plaintiff fails to state a claim.  In its Motion to Dismiss, Defendant construes Plaintiff's Complaint, particularly its allegation of a fake will, as asserting a claim for fraud.  (Def.'s Mot. 5).  The Court agrees.

Under California law, there are five elements of a fraud claim: "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."  *Bitton v. Gencor Nutrientes, Inc.*, 654 F.App'x 358, 363 (9th Cir. 2016) (internal quotation marks omitted) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)).  A claim for fraud must meet the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the

'time, place, and specific content of the false representations. . . .'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). In other words, "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (internal quotation marks omitted). To satisfy Rule 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff's allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

Plaintiff alleges the making of a "[f]alse will". (Compl. 2). In attaching a copy of the will, Plaintiff includes "specific content of the false representations". *Edwards*, 356 F.3d at 1066 (internal citations omitted). Particularly, the will at issue left Defendants Halla Elsineitti, Anthony Lang, and Rayea Lang, in sum, a residential property, two investment accounts, and $5,000,000. (Compl. Exhibit 1). Plaintiff does not, however, explain "how [Defendant] USSIC had any connection to the allegedly false will." (Def.'s Mot. 6). Indeed, Plaintiff's Complaint does not mention any action taken by Defendant. (Comp. 2). It is only from Defendant's Motion to Dismiss that the Court understands Defendant's relation to the case: it "issued three (3) probate bonds on behalf of [Defendant] Hall . . . in the pending probate case." (Def.'s Mot. 2). Plaintiff namedrops Defendant once, alleging its participation in a corrupt organization, but provides no information on the "who, what, when, where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124 (internal quotation marks omitted); *Vess*, 317 F.3d at 1106 ("Vess alleges a fraudulent conspiracy between the APA and the other defendants, but he does not provide the particulars of when, where, or how the alleged conspiracy occurred."). Because Plaintiff's Complaint gives *no* indication of how Defendant was involved with the will, the Court

**GRANTS** Defendant's Motion to Dismiss Plaintiff's fraud claim for failing to satisfy Rule 9(b).[1]

### B. RICO Claim

As best as the Court can decipher, Plaintiff's main contention is that Defendant participated in a corrupt organization, called the "Rico Court Cartel", to steal money from Dunstan's estate and thereby violated the RICO Act. (Compl. 2). To succeed on a civil RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); 18 U.S.C. §§ 1964(c), 1962(c). "Rule 9(b)'s requirement that [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity applies to civil RICO fraud claims." *Edwards*, 356 F.3d at 1065–66 (internal quotation marks omitted) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)). In other words, "when alleged fraud forms the predicate acts of a RICO claim", the heightened pleading standard applies. *Bitton*, 654 F.App'x at 363.

The only action Plaintiff has alleged in his Complaint is the drafting of a fake will. (Compl. 2). This fake will is the only predicate act on which Defendant could base his RICO claim. (*Id.* at 3).[2] Although Plaintiff has not alleged how the drafting is a predicate act under 18 U.S.C. § 1961, the Court is satisfied that Rule 9(b) applies. *See supra* III.A.

Plaintiff fails to meet the Rule 9(b) heightened pleading standard (or even the more relaxed Rule 8 pleading standard as Defendant argues) with respect to his RICO claim. Plaintiff's Complaint includes nothing more than a conclusory statement that all named

---

[1] In the Complaint's Request for Relief, Plaintiff, without alleging further factual content or support, requests this Court to find forgery. (Compl. 3). It is unclear whether Plaintiff is asserting a claim here. If he is, the same analysis would apply. *U.S. Bank Tr., Nat'l Ass'n v. Lindsey*, 2014 WL 12561098, at *8 (C.D. Cal. Nov. 21, 2014) (applying heightened Rule 9(b) standard to claim of forgery).

[2] In the Complaint's Request for Relief, Plaintiff asks this Court to investigate the falsification of the will by the "Rico Court Cartel", indicating that he attributes the drafting of the will to the organization. (Compl. 3).

Defendants "formed[] a Racketeer Influe[n]ced and Corrupt Organization . . . to get the money of the John R. Dunstan [estate]". (Compl. 2). Plaintiff does not include *any* allegations about Defendant's conduct. (*Id.*). Other than alleging that Defendant is part of the "Rico Court Cartel", Plaintiff does not elaborate on how Defendant participated in the drafting of the will or the defrauding of the Dunstan estate. (*Id.*). Plaintiff's Complaint leaves the Court guessing about when the Rico Court Cartel was formed, where it was formed, and how it was formed. *Kearns*, 567 F.3d at 1124 (internal quotation marks omitted). Plaintiff's Complaint has very little factual content. As such, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's RICO claim.

### C. Leave to Amend

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave to amend is within discretion of district court). Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). A court should not grant leave to amend where there is (1) "undue delay," (2) "bad faith or dilatory motive," (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. *Foman*, 371 U.S. at 182. Bad faith and futility exist when the defendant "import[s] . . . claims and defendants that were already present in [other litigation]". *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1520 (9th Cir. 1983) ("[T]he amended complaint would have provided Wood with no practical benefits: it would not have expanded upon the issues and claims already present in a parallel, pending action."); *Vashisht-Rota v. Howell Mgmt. Servs.*, 2022 WL 17225935, at *7 (S.D. Cal. Nov. 25, 2022) ("All of her new claims arise out of the same transactions, occurrences, and relationship between Plaintiff and Defendants that have been at issue in previous lawsuits."). Similarly, there is prejudice when a plaintiff fails to respond to the defendant's motions and appears to be "obstructing" prior proceedings

"because [h]e is displeased with the decisio[n]".  *Ballester v. Finkbeiner*, 2024 WL 3330598, at *12 (S.D. Cal. July 8, 2024).

There are sufficient grounds to deny Plaintiff leave to amend.  First, Plaintiff's Complaint concedes that it is repetitive of prior lawsuits he has filed in state court.  (Compl. 2); *Wood*, 705 F.2d at 1520.  Plaintiff, in fact, attaches portions of those filings for this Court to "[b]etter [u]nderstand [his] case".  (Compl. 2).  From the record, it appears that Plaintiff is only in this Court to evade his status as a vexatious litigant in state court, which has prevented him from commencing new litigation without permission.  (Def.'s Mot. 3, Exhibits 1–2).  Second, Plaintiff did not adequately respond to Defendant's Motion to Dismiss.  *Ballester*, 2024 WL 3330598, at *12.  While Plaintiff submitted an opposition, it fails to address Defendant's legal arguments.  (Opp'n 2).  Instead, it regurgitates conclusory statements made in the Complaint, namely that Defendant is part of a "Criminal Group that is making a Joke out of the California Judicial System and its Public Servants" [sic].  (*Id.*).  Plaintiff had the opportunity to cogently respond to Defendant's Motion and failed to do so.  "This Court would . . . risk undue prejudice [and undue delay] to [Defendant] in having to file another round of motions to dismiss . . . when Plaintiff did not even respond to [its] first set of motions."  *Ballester*, 2024 WL 3330598, at *12.  Accordingly, the Court **DISMISSES** Plaintiff's Complaint without leave to amend.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss.  As a result, it need not consider Defendant's Motion for a More Definite Statement and Motion to Strike.  Plaintiff's claims are dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated:  September 23, 2024

_____

Hon. Dana M. Sabraw, Chief Judge
United States District Court

7

24-cv-00411-DMS-JLB